FILED
02-11-2025
CIRCUIT COURT
DANE COUNTY, WI
2025CV000533
Honorable Ann Peacock
Branch 12

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

ERIC GORINS,
5178 N Lovers Lane Apt 1
Milwaukee, WI 53225,

    Plaintiff,

v.

**SUMMONS**

ROBERT A. SAUERWEIN,
36092 Sheila Blvd
Whitehall, WI 54773,

ELIZABETH TEGELS,
Wisconsin Department of Corrections
Jackson Correctional Institution
N6500 Haipek Rd
Black River Falls, WI 54615,

Case No. 25-CV-_____

Case Type: 30101

and

CARMEN DOHMS,
Flambeau Correctional Center
N671 County Road M
Hawkins, WI 54530-9400,

    Defendants.

---

THE STATE OF WISCONSIN, to each person named above as a defendant:

You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may

reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court whose address is Clerk of Circuit Court, Dane County Courthouse, 215 South Hamilton Street, Room 1000, Madison, Wisconsin 53703, and to FITZPATRICK, SKEMP & BUTLER, LLC, plaintiffs' attorneys whose address is 1123 Riders Club Road, Onalaska, Wisconsin 54650. You may have an attorney help or represent you.

If you do not provide a proper Answer within 45 days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may be enforced by garnishment or seizure of property.

Dated this 11th day of February, 2025.

**FITZPATRICK, SKEMP & BUTLER, LLC**
**Attorneys for Plaintiff**

*Electronically signed by Timothy S. Jacobson*
Timothy S. Jacobson, State Bar No. 1018162
1123 Riders Club Rd
Onalaska, WI 54650
608.784.4370
tim@fitzpatrickskemp.com

2

Exhibit 1 - Page 2

FILED
02-11-2025
CIRCUIT COURT
DANE COUNTY, WI
2025CV000533
Honorable Ann Peacock
Branch 12

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

ERIC GORINS,
5178 N Lovers Lane Apt 1
Milwaukee, WI 53225,

      Plaintiff,

v.

**COMPLAINT**

ROBERT A. SAUERWEIN,
36092 Sheila Blvd
Whitehall, WI 54773,

ELIZABETH TEGELS,
Wisconsin Department of Corrections
Jackson Correctional Institution
N6500 Haipek Rd
Black River Falls, WI 54615,

Case No. 25-CV-_____

Case Type: 30101

      and

CARMEN DOHMS,
Flambeau Correctional Center
N671 County Road M
Hawkins, WI 54530-9400,

      Defendants.

      The Plaintiff, Eric Gorins, by his attorneys, Fitzpatrick, Skemp & Butler, LLC, as and for his claims against the Defendants herein, alleges and shows the court as follows:

      1.     The Plaintiff, Eric Gorins, is an adult individual currently residing at 5178 N Lovers Lane Apt 1, Milwaukee, Wisconsin. At the time of the subject accident on or about February 18, 2022, Gorins was an adult individual and an inmate (#618818) at Jackson Correctional Institution ("JCI"), Black River Falls, Wisconsin.

Exhibit 1 - Page 3

2. Upon information and belief, at all times relevant hereto, Robert A. Sauerwein, was a correctional officer in the employment of Jackson Correctional Institution. With the rank of sergeant, Sauerwein had a supervisory and leadership role within the Department of Corrections and serves as a representative of management. All conduct attributed to Sauerwein in this Complaint was undertaken negligently and/or intentionally, under color of state law and within the scope of Sauerwein's employment. Gorins brings his claim against Sauerwein in his individual capacity.

3. At all times relevant hereto, Elizabeth "Lizzie" Tegels ("Tegels") had served, and continues to serve, as the Warden at Jackson Correctional Institution, a facility operated for the purpose of the protection of the public, staff, and inmates, while promoting an environment of accountability and options for positive change as inmates work toward successful reintegration to the community. All conduct attributed to her in this Complaint was undertaken negligently and/or intentionally, under color of state law and within the scope of her employment. Gorins brings his complaint against Tegels in her individual capacity.

4. Upon information and belief, ABC Employee is a fictitious name for one or more correctional employees in the employment of Jackson Correctional Institution and Flambeau Correctional Center with responsibility for the medical supervision and care of inmates of Jackson Correctional Institution and Flambeau Correctional Center, including Plaintiff and, as such, had the duty to ensure the provision of proper medical care for Plaintiff.

5. At all times relevant hereto, Carmen Dohms ("Dohms") had served, and continues to serve, as the Superintendent at Flambeau Correctional Center ("FCC"), a work center for minimum-security male inmates to help them work toward successful reintegration to the community. All conduct attributed to her in this Complaint was undertaken negligently and/or

intentionally, under color of state law and within the scope of her employment. Gorins brings his claim against Dohms in her individual capacity.

6. Upon information and belief, the Wisconsin Department of Corrections ("W-DOC") is an agency of the State of Wisconsin, with its principal office located at 3099 E. Washington Ave., Madison, Wisconsin. W-DOC operates Jackson Correctional Institution, a State of Wisconsin prison at N6500 Haipek Rd., Black River Falls, Wisconsin, and Flambeau Correctional Center, a minimum-security facility, at N671 County Road M, Hawkins, Wisconsin.

7. Upon information and belief, on or about February 18, 2022, at approximately 10:48 a.m., Plaintiff, Eric Gorins, was working on refuse collection (a garbage run) and riding on the exterior of a garbage collection trailer being pulled by a tractor or other motor vehicle driven by Department of Corrections employee Robert A. Sauerwein behind the Maintenance Building at Jackson Correctional Institution. While Gorins was riding on said garbage collection trailer, the driver whipped the vehicle around in a sharp U-turn and at an excessive rate of speed, and/or in such a manner so as to cause the trailer or trailer tire to strike a concrete step or curb, violently bouncing the trailer, which caused Plaintiff and other inmates riding on the trailer to be violently shaken, and which caused Plaintiff to strike his head hard on a solid, steel post on the trailer.

8. As a result of the accident on 2/18/2022 referenced above, Plaintiff sustained a closed head injury, a visible bruise and swelling on his left temple, and a whiplash injury.

9. The injuries sustained by Plaintiff in said accident resulted in him suffering from persistent, severe throbbing headaches, discomfort, blurred vision, decreased visual acuity, stomach pain and nausea, loss of appetite, fatigue, excessive sensitivity to light, and interference with sleep.

Exhibit 1 - Page 5

10. As a result of the severe and persistent headaches, dizziness, excessive light sensitivity, neck pain, and other symptoms, Plaintiff made ongoing requests for additional and stronger pain medication and protection from bright lights, both interior and exterior. However, medical staff at JCI repeatedly denied Plaintiff's requests, refused to give him access to a medical doctor, and failed to employ additional diagnostic tools such as a CT scan which had been promised to him to better assess his injuries.

11. After Plaintiff's transfer to Flambeau Correctional Center, Plaintiff continued to suffer from severe and persistent headaches, dizziness, excessive light sensitivity, and stomach pain and/or upset stomach. Plaintiff made repeated requests for additional and stronger pain medication and protection from bright lights there, which requests were denied. In addition, a family friend of Plaintiff purchased gray-tinted glasses from a DOC-approved vendor and shipped them to Plaintiff for him to wear to provide relief from bright lights and to help minimize his frequent and severe headaches, but FCC personnel repeatedly refused to allow Plaintiff to wear such protective eyewear. Additionally, Plaintiff began to be harassed by one or more members of FCC staff in relation to limitations created by his medical condition resulting from the injuries on 2/18/2022.

12. Plaintiff's symptoms, including headaches, dizziness, blurry vision, excessive sensitivity to light, stomach aches, and neck pain continue to persist. Upon information and belief, Plaintiff may have suffered a permanent injury.

13. Upon information and belief, as set forth above, employees or agents of the Wisconsin Department of Corrections, including but not limited to the driver of the subject garbage collection vehicle, believed to be Robert A. Sauerwein, were negligent, negligent *per se*, and violated ministerial duties to Plaintiff to the extent that said driver engaged in reckless

driving, driving at a speed that was unsafe and excessive for conditions, and/or failed to maintain proper lookout, and for directing Plaintiff to ride standing on the outside of the garbage collection trailer in a manner that placed him in an unreasonable risk of danger of falling and/or striking his head and suffering injuries.

14. Upon information and belief, medical staff, employees, and/or agents of JCI, FCC and/or W-DOC were negligent to the extent they repeatedly failed to give Plaintiff access to a medical doctor, failed to take further diagnostic steps after Plaintiff's closed head injury and persistence of severe symptoms, and in limiting or denying treatment for Plaintiff's injuries and symptoms, including the repeated failure to provide adequate pain relief and access to tinted glasses as requested by Plaintiff, and/or in failing to implement policies and procedures to ensure proper and adequate medical diagnoses and medical care for inmates with closed head injuries, including Plaintiff. Furthermore, such repeated conduct in denying Plaintiff access to a medical doctor, and access to diagnostic services, treatment, medication, and tinted protective eyewear adequate to treat and/or limit his pain from the injuries suffered on 2/18/2022 constitutes deliberate indifference to Plaintiff's serious medical needs in violation of his Constitutional rights under the Eighth Amendment.

15. Upon information and belief, Tegels knew or should have known that the employees and/or agents of Jackson Correctional Institution, including the other individual personnel named herein, had failed to assure the safe, secure and humane treatment of persons entrusted to their custody, to accommodate disabilities, and to avoid cruel and unusual punishment of inmates and, in particular, Plaintiff, and/or Tegels failed to properly train and/or supervise the staff of JCI, including the other individual personnel members named herein, to avoid the injuries and damages to Plaintiff, and violations of law and Plaintiff's civil rights

5

Exhibit 1 - Page 7

referenced herein. In particular, Tegels facilitated, permitted, and/or failed to ameliorate the unsafe condition for inmates, including Plaintiff, riding on the exterior of garbage collection motor vehicles on JCI grounds, and/or failed to properly train and/or supervise agents or employees of JCI driving said vehicles to ensure that the reckless and/or negligent conduct described above would not occur. Furthermore, upon information and belief, Tegels has previously been put on notice by prior complaints within the Inmate Complaint Review System and/or by prior litigation, that the Plaintiff, and/or other inmates similarly situated, had suffered injuries and damages of the types alleged herein as a result of unsafe conditions; inadequate personnel training and/or supervision; and/or retaliation against inmates attempting to get medical treatment and to otherwise assert their rights.

16. Upon information and belief, Dohms knew or should have known that the employees and/or agents of Flambeau Correctional Center, including but not limited to medical staff, had failed to assure the safe, secure and humane treatment of persons entrusted to their custody, to accommodate disabilities, and to avoid cruel and unusual punishment of inmates and, in particular, Plaintiff, and/or Dohms failed to properly train and/or supervise the staff of FCC, including the other individual personnel members named herein, to avoid the injuries and ongoing damages to Plaintiff and harassment of the Plaintiff, and violations of law and Plaintiff's civil rights referenced herein. In particular, Dohms facilitated, permitted, and/or failed to ameliorate the condition of Plaintiff being exposed to excessive light that exacerbates his frequent and severe headaches and exposed to harassment, and/or failed to properly train and/or supervise agents or employees of FCC regarding Plaintiff having access to a medical doctor, diagnostic services, and tinted protective glasses. Furthermore, upon information and belief, Dohms has previously been put on notice by prior complaints within the Inmate Complaint

Exhibit 1 - Page 8

Review System and/or by prior litigation, that the Plaintiff, and/or other inmates similarly situated, had suffered injuries and damages of the types alleged herein as a result of unsafe conditions; inadequate personnel training and/or supervision; and/or retaliation against inmates attempting to get medical treatment and to otherwise assert their rights.

17. It is the duty of the State of Wisconsin Department of Corrections and its employees, including Sauerwein, Tegels, Dohms, other correctional officers, and JCI and FCC medical personnel to assure the safe, secure and humane treatment of persons entrusted to their custody and to avoid cruel and unusual punishment of inmates.

18. The conduct of agents and employees of JCI, FCC, and W-DOC, including the individual defendants herein, that resulted in the injuries suffered by Plaintiff on February 18, 2022, and the subsequent failures related to medical diagnosis and care, constitutes common law negligence.

19. As a direct and proximate result of the negligence of said JCI, FCC and W-DOC personnel regarding Plaintiff's safety and serious medical needs, Plaintiff was injured and suffered damages as set forth herein.

20. The conduct described above violated Plaintiff's rights as protected by the Eighth and Fourteenth Amendments to the United States Constitution, in that it constitutes cruel and unusual punishment given the deliberate indifference to Plaintiff's serious medical needs by said JCI, FCC, and W-DOC personnel.

21. The harms suffered by Plaintiff include past and future pain, suffering, disability, and severe emotional distress, past and future medical expenses, loss of earnings, loss of future earning capacity, and loss of enjoyment of life.

22. On or about April 22, 2022, Plaintiff properly served notice upon the Wisconsin Attorney General pursuant to Wisconsin Statute §893.82, referring to the conduct of Correctional Officer Saurwein. The Wisconsin Attorney General did not respond or deny the claim, but more than 120 days has elapsed since service of the notice, thus permitting this action to be filed in circuit court.

23. On or about May 11, 2022, Plaintiff properly served an amended notice upon the Wisconsin Attorney General pursuant to Wisconsin Statute §893.82, referring to the conduct of Correctional Officer Saurwein. The Wisconsin Attorney General did not respond or deny the claim, but more than 120 days has elapsed since service of the notice, thus permitting this action to be filed in circuit court.

24. On or about June 17, 2022, Plaintiff subsequently and properly served a new notice regarding the Defendants identified herein pursuant to Wisconsin Statute §893.82. The Wisconsin Attorney General did not respond or deny the claim, but more than 120 days has elapsed since service of the notice, thus permitting this action to be filed in circuit court. Further, to the extent Plaintiff's claims against one or more defendants who are, or acting as, health care employees who failed to provide Plaintiff with proper treatment for his injuries, Plaintiff is exempted by §893.82(5m), Stats., from serving a notice of claim under § 893.82(3).

25. In addition to serving notices pursuant to Wisconsin Statute §893.82, the Plaintiff filed one or more complaints within the Inmate Complaint Review System regarding the issues set forth in this Complaint, including but not limited to FCC-2022-9634, 618818, and 10234. Upon information and belief, Plaintiff exhausted his administrative remedies and/or was exempted from any potential exhaustion requirement because of the unavailability of any remedy and/or deprived of such procedures and/or retaliated against by DOC personnel for attempting to exercise his rights.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

A. For compensatory damages against the Defendants, jointly and severally, in a sum to be determined by verdict, together with interest on said sum;

B. For the Plaintiff's costs and disbursements in this action; and

C. For such other and further relief as the court may deem just and equitable.

Dated this 11th day of February, 2025.

**FITZPATRICK, SKEMP & BUTLER, LLC**
**Attorneys for Plaintiff**

*Electronically signed by Timothy S. Jacobson*
Timothy S. Jacobson, State Bar No. 1018162
1123 Riders Club Rd
Onalaska, WI 54650
608.784.4370
tim@fitzpatrickskemp.com

PLAINTIFF DEMANDS TRIAL BY A JURY OF TWELVE (12).

9

Exhibit 1 - Page 11