IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC GORINS,

|  |  |
|---|---|
| Plaintiff, | |
| v. | OPINION and ORDER |
| CARMEN DOHMS, ELIZABETH TEGELS, and ROBERT SAUERWEIN, | 25-cv-294-jdp |
| Defendants. | |

---

Plaintiff Eric Gorins was a member of the inmate garbage collection crew at Jackson Correctional Institution. Gorins alleges that he suffered a head injury during garbage collection, which he attributes to the poor driving of defendant Robert Sauerwein, a correctional officer. Gorins also alleges that the warden at Jackson, defendant Elizabeth Tegels, and the superintendent at Flambeau Correctional Center, defendant Carmen Dohms, didn't provide Gorins with medical care for his head injury. Gorins brings state-law negligence claims, and he asserts that defendants violated his rights under the Eighth and Fourteenth Amendments.

Defendants move for summary judgment. The court will deny defendants' motion as to Sauerwein because a reasonable jury could find that he consciously disregarded a substantial risk of serious harm to Gorins. But the court will otherwise grant defendants' motion because no reasonable jury could find that Tegels and Dohms were personally responsible for violating Gorins's constitutional rights.

BACKGROUND

The parties dispute many of the details in this case. Because defendants move for summary judgment, the court views the facts and all reasonable inferences from those facts in Gorins's favor. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

To collect and transport the institution's garbage, the inmate garbage collection crew at Jackson used a two-wheeled trailer that was hitched to a tractor. The tractor had a top speed of about 10 miles per hour. The trailer had a cage on top of it comprised of steel bars and chain-link fencing. The crew put the garbage bags that they collected inside of the cage. As they moved from place to place within the institution, the crew either rode inside the cage, or they held on to the fencing on the exterior of the cage, placing their feet on the trailer's frame.

On the day of the incident, correctional officer Sauerwein oversaw the garbage collection crew and drove the tractor. Sauerwein ordered Gorins to ride on the trailer cage's exterior. When the crew finished collecting garbage, Sauerwein drove the tractor behind Jackson's maintenance building. At the time, Gorins was hanging on to the fencing on the trailer cage's exterior. Sauerwein took a sharp turn at speed and struck something with the tractor's wheels, making the trailer bounce and causing Gorins to hit his head on one of the cage's steel bars. After he parked the tractor, Sauerwein twice asked Gorins whether he was alright. Gorins didn't tell Sauerwein that he was injured or that he felt unsafe on the trailer.

After the garbage run, Gorins went to see a nurse, who noted that he had a quarter-sized bruise on his left forehead. Gorins said he had a 6-out-of-10 headache. The nurse gave him ice, Tylenol, and ibuprofen. Gorins's headache got better about a week after the incident, but a little over a month after the incident, his headache returned. Two-and-a-half months after the incident, Gorins transferred from Jackson to Flambeau, where he continued to receive care.

ANALYSIS

Defendants move for summary judgment, Dkt. 13, contending that Gorins can't show that Sauerwein knew of and ignored the risk posed to Gorins's safety. Dkt. 14, at 16–17. Defendants also contend that he can't show that Tegels and Dohms were personally responsible for violating his constitutional rights. *Id.* at 17–19. The essential question is whether a reasonable jury could find for Gorins, after drawing all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## A.  Claims against Sauerwein

Gorins contends that Sauerwein consciously disregarded Gorins's safety when he took a sharp turn while driving the tractor, violating Gorins's Eighth Amendment rights. Gorins also contends that Sauerwein was negligent.

### 1.  Eighth Amendment claim

A prison official violates the Eighth Amendment when he is aware of facts from which he could draw an inference that a substantial risk of serious harm exists, and he actually draws that inference. *Williams v. Shah*, 927 F.3d 476, 480 (7th Cir. 2019). Stated another way, a prison official violates the Eighth Amendment when he ignores a known risk to a prisoner's health or safety. *Peoples v. Cook Cnty.*, 128 F.4th 901, 909 (7th Cir. 2025). A prison official must act intentionally or recklessly; mere negligence does not violate the Eighth Amendment. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Gorins has adduced evidence from which a reasonable jury could infer that Sauerwein consciously disregarded the risk that Gorins could get injured. Sauerwein knew that Gorins was in a precarious position because he ordered Gorins to ride on the outside of the trailer's cage. Gorins was forced to hang on to the cage's fencing and stand on the trailer's narrow edge as

3

Sauerwein drove the tractor at speeds up to 10 miles per hour. At the end of the garbage run, Sauerwein "whipped the [tractor] in a sharp U-turn maneuver." Dkt. 24, ¶ 10. The court takes this to mean that the tractor was moving quickly when Sauerwein suddenly turned the tractor in a different direction. Sauerwein was aware that his driving affected Gorins: after parking the tractor, Sauerwein twice asked Gorins whether he was alright. *Id.*, ¶ 11. A reasonable jury considering this evidence could find that Sauerwein knew that Gorins faced a risk of injury by riding on the trailer cage's exterior but ignored that risk when he sharply turned the tractor.

Defendants contend that, even if Sauerwein consciously disregarded the risk to Gorins's safety, Sauerwein is entitled to qualified immunity. Dkt. 14, at 19–21. But the court of appeals has warned against applying qualified immunity in Eighth Amendment cases because the merits of those claims and qualified immunity effectively collapse into one question. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Because the legal standard for claims like Gorins's is well established and the disputes raised regarding such claims are largely factual rather than legal, qualified immunity does not shield defendants from trial.

### 2. Negligence claim

Defendants ask the court to dismiss Gorins's negligence claim on the merits, contending that "Gorins cannot show that Sauerwein's operation of the garbage trailer was negligent." Dkt. 14, at 24. Because the court concluded that a reasonable jury could find that Sauerwein was at least reckless, the court will reject defendants' request to dismiss the claim.

Defendants also contend that the doctrine of discretionary immunity bars Gorins's negligence claim against Sauerwein. *See id.* at 24–28. Under the doctrine of discretionary immunity, state employees can't be held liable for injuries resulting from discretionary acts performed within the scope of their official duties. *Est. of Perry v. Wenzel*, 872 F.3d 439,

462 (7th Cir. 2017) (applying Wisconsin law). But there are exceptions to the doctrine of discretionary immunity, including for acts that are "malicious, willful and intentional." *Engelhardt v. City of New Berlin*, 2019 WI 2, ¶ 29, 285 Wis. 2d 86, 921 N.W.2d 714. The court concluded that a reasonable jury could find that Sauerwein consciously disregarded the risk that Gorins could get injured, so whether Sauerwein acted with malice, willfulness, and intent is also for the jury to resolve. *See Price ex rel. J.K. v. Mueller-Owens*, No. 19-cv-854-bbc, 516 F. Supp. 3d 816, 831 (W.D. Wis. 2021); *Est. of Fiebrink by Cade v. Armor Corr. Health Servs., Inc.*, No. 18-cv-832, 2019 WL 1980625, at *13 (E.D. Wis. May 3, 2019).

**B. Claims against Tegels and Dohms**

Gorins brings Eighth Amendment medical care claims and state-law negligence claims against two other individuals: the warden at Jackson, defendant Elizabeth Tegels, and the superintendent at Flambeau, defendant Carmen Dohms.

**1. Eighth Amendment claims**

Gorins's Eighth Amendment claims against Tegels and Dohms fail because he hasn't adduced evidence showing that they were personally responsible for violating his constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). For Tegels and Dohms to be personally responsible, they must have known of a risk of harm to Gorins. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). But Gorins didn't complain to Tegels or Dohms about his injury or the care that he was receiving. *See* Dkt. 34, ¶¶ 36–40, 42–44, 47–48, 62, 64. And although Jackson's health services unit manager told Tegels that an inmate had requested medical care after striking his head during refuse collection, *id.*, ¶ 45, Tegels didn't know the extent of the inmate's injuries, leaving her without sufficient notice of an excessive risk to Gorins's health or safety. *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996). The undisputed

facts show that Tegels and Dohms didn't consciously disregard a substantial risk of serious harm to Gorins.

## 2. Negligence claims

For similar reasons, Gorins's negligence claims against Tegels and Dohms also fail. To establish a negligence claim, a plaintiff must adduce evidence showing: (1) the defendant had a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the defendant's conduct caused the plaintiff's injury; and (4) the plaintiff was damaged because of his injury. *Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶ 14, 318 Wis. 2d 622, 768 N.W.2d 568. Gorins hasn't adduced evidence showing that Tegels and Dohms caused his injury, so he cannot establish that they were negligent.

## ORDER

IT IS ORDERED that:

1. Defendants Carmen Dohms, Robert Sauerwein, Elizabeth Tegels's motion for summary judgment, Dkt. 13, is GRANTED in part and DENIED in part. The motion is granted with respect to plaintiff Eric Gorins's claims against Dohms and Tegels. The motion is denied in all other respects.

2. This case will proceed to trial on Gorins's claims against Sauerwein.

Entered April 14, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge