IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC GORINS,

                    Plaintiff,                                    OPINION and ORDER

   v.
                                                                 25-cv-294-jdp
ROBERT SAUERWEIN,

                    Defendant.

---

Plaintiff Eric Gorins was a member of the inmate garbage collection crew at Jackson Correctional Institution. He contends that defendant Robert Sauerwein's poor driving during garbage collection caused him to suffer a head injury. Gorins brings a state-law negligence claim against Sauerwein, and he asserts that Sauerwein violated his rights under the Eighth and Fourteenth Amendments.

Trial was set to begin on June 22, 2026. But to accommodate the court's calendar, the trial date must be reset. The court proposed the week of June 29, 2026, but Sauerwein is unavailable for trial that week. Dkt. 64. As a result, the trial date will have to be reset at the final pretrial conference, which is scheduled for June 10, 2026, at 2:30 p.m. by videoconference.

This order addresses the parties' motions in limine. Gorins also filed a document titled "Plaintiff's Motion Seeking Advance Evidentiary Rulings." Dkt. 50. Because these motions are also motions in limine, the court will consider them together with Gorins's other motions.

Sauerwein moves for leave to amend his pretrial exhibit list to strike two exhibits, in which he says he's filing an amended exhibit list. Dkt. 56. The court would allow Sauerwein to withdraw the two exhibits. But the amended exhibit list is rejected because it has renumbered

the exhibits. Once an exhibit list has been filed, the exhibit numbers must not change, to prevent confusion about what each exhibit number represents.

ANALYSIS

**A. Gorins's motions in limine**

**1. Evidence regarding Gorins's criminal history**

Gorins moves to exclude evidence of his criminal history except for impeachment purposes under Federal Rule of Evidence 609, which allows a party in a civil case to introduce any felony conviction that is less than 10 years old unless its probative value is substantially outweighed by the danger of unfair prejudice. Dkt. 47, at 2. Specifically, he wants to exclude details about his prior convictions and the crimes underlying those convictions. *See id.* at 3. Sauerwein "agrees subject to the term articulated in [his] own motion in limine." Dkt. 55, at 1. Sauerwein moves to admit the title, date, and disposition (which is to say the sentences imposed) of Gorins's prior convictions. Dkt. 41, at 13–14.

This court's long practice has been to exclude the details of prior non-dishonesty convictions in prisoner civil rights cases because the details impugn the witness's general character, making him seem dangerous, unlawful, or unsavory to the jury. *Wynn v. Adams*, No. 23-cv-364-jdp, 2024 WL 4589485, at *1. Gorins is no longer a prisoner, but this case is about an incident that occurred while he was a prisoner, so the same risks are present. Sauerwein does not identify any reason for providing additional details, so the court will allow defense counsel to ask Gorins whether he has been convicted of felonies within the last 10 years and how many times. No other details are allowed.

Gorins also wants to prevent Sauerwein's counsel and any witnesses from using "inflammatory labels" to refer to Gorins, such as "drug dealer," "armed felon," "violent offender." Dkt. 47, at 3. The court will grant this part of the motion as unopposed.

### 2. Evidence regarding Gorins's disciplinary history

Gorins moves to exclude evidence regarding his prison disciplinary history, including from institutions other than Jackson Correctional Institution. *See* Dkt. 47, at 3–4. Specifically, Gorins wants to exclude evidence regarding "conduct reports, segregation history, security classification, alleged gang affiliation, institutional assessments, or unrelated institutional misconduct." *Id.* at 4. Gorins contends that this evidence is not relevant and is improper character evidence under Federal Rule of Evidence 404(b). Sauerwein wants to introduce Gorins's disciplinary history for impeachment purposes. *See* Dkt. 55, at 1.

The court will reserve a ruling on this motion. Under Federal Rule of Evidence 608(b), the court may allow a party to inquire into a witness's prior acts on cross-examination if the prior acts are probative of the witness's character for truthfulness or untruthfulness and if the probative value is not outweighed by the danger of unfair prejudice to the witness. *See United States v. Abair*, 746 F.3d 260, 264 (7th Cir. 2014). Prison disciplinary violations for lying can be probative of untruthfulness. *Jeffery v. Zenk*, No. 22-cv-641-jdp, 2024 WL 3251232, at *2 (W.D. Wis. July 1, 2024). But Sauerwein has not provided specific instances of Gorins's conduct. Nor has he provided reason to believe that Gorins's disciplinary history is probative of his character for truthfulness. At the final pretrial conference, Sauerwein should be prepared to explain what evidence he wants to present regarding Gorins's disciplinary history.

### 3.  Evidence regarding witnesses' criminal or disciplinary history

Gorins moves to exclude evidence of the criminal history and prison disciplinary history of witnesses who are incarcerated. Dkt. 47, at 4. The court will take the same approach with this motion as it did for the previous two motions. Defendants may ask witnesses whether they have been convicted of felonies within the last 10 years and how many times. That's all. The court will reserve a ruling regarding witnesses' disciplinary history. At the final pretrial conference, Sauerwein should be prepared to explain what evidence he wants to present regarding the disciplinary history of witnesses who are incarcerated.

Gorins also wants to prevent Sauerwein's counsel and any witnesses from using "inflammatory terminology" to refer to incarcerated witnesses, such as "convict," "drug dealer," "violent offender," and "felon." Dkt. 47, at 5. The court will grant this part of the motion as unopposed.

### 4.  Evidence regarding medical history

Gorins moves to exclude all medical history "unrelated to the traumatic brain injury and symptoms allegedly caused by the incident at issue." Dkt. 47, at 5. Gorins represents that he "does not seek exclusion of legitimately relevant prior neurological, vision, or head-related medical history." *Id.* at 6. The court understands Gorins to be seeking to exclude medical history that is not relevant to this case. With that understanding, the court will grant that part of the motion as unopposed.

Gorins also asks the court to require defendants to "identify outside the jury's presence any allegedly relevant prior conditions before introducing such evidence." *Id.* The court orders counsel to meet and confer on this issue before the final pretrial conference. If the parties can't

agree, Sauerwein should be prepared to explain what medical history evidence he wants to present, and Gorins should be prepared to explain why the evidence is not relevant.

### 5. Evidence regarding collateral source payments or benefits

Gorins moves to exclude evidence regarding insurance payments, Medicaid, Medicare, government-funded medical services, prison-funded medical treatment, disability benefits, charitable assistance, or medical bill write-offs, all of which he has received or may receive. Dkt. 47, at 11. Gorins wants to prevent Sauerwein from arguing that Gorins's damages should be reduced because others paid his medical expenses, that government programs covered his treatment, or that he received "free" care while incarcerated. *Id.* at 12.

Gorins's motion invokes the collateral source rule, under which a defendant-tortfeasor's liability to an injured plaintiff may not be reduced by the payments or benefits that the plaintiff receives from sources other than the defendant or entities "identified with" the defendant, such as the defendant's insurance company. *Leitinger v. DBart, Inc.*, 2007 WI 84, ¶ 26, 302 Wis. 2d 110, 736 N.W.2d 1. In cases involving the payment of medical expenses, the collateral source rule ensures that the injured plaintiff may "recover the reasonable value of the medical services, without limitation to the amounts paid." *Lagerstrom v. Myrtle Werth Hosp.–Mayo Health Sys.*, 2005 WI 124, ¶ 56, 285 Wis. 2d 1, 700 N.W.2d 201 (cleaned up).

The collateral source rule "ordinarily works in tandem with the legal principle of subrogation." *Weborg v. Jenny*, 2012 WI 67, ¶ 47, 341 Wis. 2d 668, 816 N.W.2d 191. The non-tortfeasor source that made payments to the injured party generally has a right of recovery, either by being joined as a party to the tort action or by seeking reimbursement from the prevailing plaintiff. *Dawson v. Great Lakes Educ. Loan Servs., Inc.*, No. 15-cv-475-jdp, 2021 WL 1174726, at *16. Thus the collateral source rule and the principle of subrogation

ensure that the defendant-tortfeasor is held responsible for the loss, and the injured plaintiff is not unjustly enriched with a double recovery. *See Koffman v. Leichtfuss*, 2001 WI 111, ¶ 40, 246 Wis. 2d 31, 630 N.W.2d 201.

Sauerwein argues that the collateral source rule does not apply here because the state is not collateral to Sauerwein: the state paid Gorins's medical expenses, employed Sauerwein at the time of the incident, and will indemnify Sauerwein for any damages in this case. *See* Dkt. 55, at 3. To support this argument, Sauerwein points to this court's previous decision in *Dawson v. Great Lakes Educational Loan Services, Inc.*, a class action that considered the collateral source rule in the context of remediation efforts to address capitalization errors in student loans. The plaintiff in *Dawson* contended that, because the class received refunds or credits from the federal government (the debt owner), the collateral source rule precluded evidence of the defendant loan servicer's remediation efforts. *Dawson*, 2021 WL 117426, at *15. The court held that the collateral source rule did not apply and that the defendant's remediation efforts were pertinent to damages. *Id.* at *16. The court reasoned that the federal government was not collateral to the defendant because the defendant had a contract with the U.S. Department of Education to manage the student loan accounts, and any credits or refunds that a class member received from the federal government were the result of the defendant's remediation efforts. *See id.* The court also reasoned that there was no subrogated party and no mechanism allowing the federal government to obtain reimbursement from the class in the event of a double recovery. *See id.*

This case is different from *Dawson* in material respects. The state had a contractual relationship with Sauerwein—it employed him. But Gorins received payments or benefits from the state for medical care either because he was a prisoner or because he received public

assistance. Sauerwein had nothing to do with Gorins receiving those payments or benefits. Moreover, state law may allow the Department of Corrections and the Department of Health Services to recover the costs of medical care from Gorins. *See* Wis. Stat. §§ 49.89(2), 302.38(4).

Sauerwein also contends that Gorins needed to name the Department of Corrections and the Department of Health as involuntary plaintiffs for subrogation purposes, Dkt. 55, at 5, but that is incorrect. Wisconsin state court procedures require the joinder of parties who would be subrogated to the rights of the principal party. Wis. Stat. § 803.03(2). But in federal court, it is generally the Federal Rules of Civil Procedure that govern, not state procedural rules. *See Fid. Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005). And "there is nothing in the Federal Rules of Civil Procedure that permits a plaintiff unilaterally to force another party to join his lawsuit as an involuntary plaintiff." *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 646 (7th Cir. 2018).

The collateral source rule applies; the court will grant Gorins's motion. However, at the final pretrial conference, the parties should inform the court whether there is any possibility that Gorins would receive a double recovery of any component of his damages.

### 6. Argument regarding taxpayer burden

Gorins moves to prohibit argument suggesting that a judgment in his favor would burden taxpayers, impact state finances, or affect prison operations. Dkt. 47, at 12. The court will grant the motion as unopposed.

### 7. Evidence or argument regarding assumed risks of injury

Gorins moves to exclude evidence or prohibit argument suggesting that incarcerated individuals assume extraordinary risks of injury simply by being incarcerated. Dkt. 47, at 12. The court will grant the motion as unopposed.

### 8. Lay opinions regarding medical causation

Gorins moves to exclude undisclosed or improper lay opinions regarding traumatic brain injury and its symptoms, or about causation. Dkt. 47, at 12. Gorins says that correctional staff and lay witnesses may testify regarding their perceptions, but they should not be allowed to offer speculative medical opinions. *Id.* at 13. The court will grant the motion as unopposed.

### 9. Argument regarding judgment in Gorins's favor

Gorins moves to prohibit argument suggesting that he seeks a "windfall," that this case is a "jackpot" lawsuit, or that it is a "frivolous lawsuit" that is part of the broader "jailhouse litigation culture." Dkt. 47, at 13. The court will grant the motion as unopposed.

### 10. Surveillance camera video recordings[1]

Gorins moves to admit video recordings from surveillance cameras at Jackson Correction Institution, which Gorins says captures the incident at issue. Dkt. 50, at 2. The court will grant the motion as unopposed.

### 11. Contemporaneous incident reports and medical records

Gorins moves to admit prison incident reports, medical requests, health service requests, and medical records, which he says demonstrate his injury and ongoing symptoms. Dkt. 50, at 3. The court will reserve a ruling on this motion. Gorins seeks advance rulings on broad categories of potentially relevant evidence, but he does not provide specific documents for the court to consider. At the final pretrial conference, Gorins should be prepared to explain what evidence he wants to present regarding incident reports and medical records.

---

[1] The remaining motions in this section are from Gorins's "Motion Seeking Advance Evidentiary Rulings," Dkt. 50.

## 12. Evidence regarding Sauerwein's disciplinary history for poor driving

Gorins moves to admit evidence that, before the incident at issue, Sauerwein had been disciplined for inattentive, erratic, or unsafe driving. Dkt. 50, at 4. Sauerwein contends that this evidence is not relevant or is improper character evidence. Dkt. 55, at 7–9. The court will reserve a ruling on this motion because Gorins does not provide specific documents for the court to consider. At the final pretrial conference, Gorins should be prepared to explain what evidence he wants to present regarding Sauerwein's disciplinary history and how this evidence would be admissible under Rule 404(b).

## 13. Evidence regarding notice of incident to warden and supervisors

Gorins moves to admit evidence that the incident was reported to prison administration, including the warden and other supervisory personnel. Dkt. 50, at 5. The court will reserve a ruling on this motion because it appears to be connected to Gorins's prior motion regarding contemporaneous incident reports. At the final pretrial conference, Gorins should be prepared to explain what evidence he wants to present to show that the warden or other supervisors received notice of the incident and how this evidence would be relevant.

## 14. Demonstrative exhibits derived from admissible evidence

Gorins asks the court to allow the parties to use "demonstrative exhibits derived from admissible evidence." Dkt. 50, at 5. The court encourages the use of demonstrative exhibits, so long as they accurately represent the evidence they purport to demonstrate. Sauerwein does not object to Gorins's motion. Dkt. 55, at 9.

But it's not clear what demonstratives Gorins would like to use. He lists as potential demonstratives still images from the surveillance camera video recordings, enlarged photographs, diagrams of the trailer and tractor, annotated images, timelines, medical bill

summaries, and enlargements of relevant records. *Id.* at 5–6. Gorins must include his demonstratives on his exhibit list and submit them to Box.com. At the final pretrial conference, the parties may ask the court to address any objections to the proposed demonstratives. Gorins should also explain whether he expects any of the demonstratives to be admitted as substantive evidence.

Gorins also asks the court to allow him to enlarge relevant portions of exhibits and replay excerpts from the video recordings during witness testimony. *Id.* at 6. Gorins can do these things using the court's visual presentation system.

## B. Sauerwein's motions in limine

### 1. Dismiss Gorins's case based on deposition testimony

Sauerwein moves to dismiss Gorins's Eighth Amendment claim and his negligence claim based on statements Gorins made during his deposition. Dkt. 41, at 3. Specifically, Gorins indicated that (1) he felt that Sauerwein cared about his safety as a member of the garbage collection crew; (2) Sauerwein did not hit the curb on purpose; and (3) Sauerwein did not instruct him to stand at a particular location on the trailer. *See* Dkt. 40 (Gorins Dep. 77:4–78:4, 79:25–80:2, 84:3–6). Sauerwein contends that no reasonable jury could find that Sauerwein had actual knowledge that Gorins was in danger. Dkt. 41, at 5–7. He also contends that he would be entitled to discretionary immunity from Gorins's negligence claim. *Id.* at 3–5.

This motion is an untimely motion for summary judgment. *Ultratec, Inc. v. Sorenson Comm'ns, Inc.*, No. 13-cv-346-bbc, 2014 WL 5023098, at *3 (W.D. Wis. Oct. 8, 2014). Motions in limine are designed to resolve issues of admissibility; they're not appropriate vehicles to get a ruling on the merits of a claim or defense. *Burress v. Mr. G & G Trucking, LLC*, No. 19-cv-791-jdp, 2021 WL 4472799, at *1 (W.D. Wis. Sept. 30, 2021). Sauerwein did not

move expeditiously to conduct discovery by promptly deposing Gorins. His belated taking of Gorins's deposition testimony is the result of his own lack of diligence. Sauerwein may present this evidence at trial to impeach Gorins, but he may not bring an untimely motion for summary judgment. The court will deny the motion.

### 2. Evidence or argument regarding causation or future damages

Sauerwein moves to exclude evidence or prohibit argument regarding causation, permanence, future care and treatment, or future pain and suffering—unless it is supported by the testimony of a medical expert. Dkt. 41, at 7. The court will grant the motion as unopposed. But, as Sauerwein notes, Gorins has a medical expert. Although Sauerwein criticizes that expert, he has not moved to exclude the expert's testimony.

### 3. Evidence or argument regarding other suits against DOC and its employees

Sauerwein moves to exclude evidence or prohibit argument regarding other lawsuits relating to the Department of Corrections or other DOC employees. Dkt. 41, at 9. The court will grant the motion as unopposed.

### 4. Evidence regarding other proceedings or grievances

Sauerwein moves to exclude as improper character evidence any evidence regarding unrelated legal proceedings or inmate grievances against him or against his witnesses. *See* Dkt. 41, at 11–13. This motion is essentially the mirror-image of Gorins's motion no. 12; the court will reserve ruling on this motion until the final pretrial conference.

### 5. Evidence regarding previous criminal convictions

Sauerwein moves to admit evidence regarding Gorins's and other witnesses' previous criminal convictions. Dkt. 41, at 13. As previously discussed, the court will allow defense

11

counsel to ask Gorins and other witnesses whether they have been convicted of felonies within the last 10 years and how many times. No other details are allowed.

### 6. Evidence regarding indemnification

Sauerwein moves to exclude evidence that he would be indemnified for any judgment in Gorins's favor. Dkt. 41, at 14. The court will grant the motion as unopposed.

### 7. Evidence of dismissed claims or the court's summary judgment order

Sauerwein moves to exclude evidence regarding his inadequate medical care claims, which the court dismissed at summary judgment. Dkt. 41, at 15. He also seeks to prevent Gorins from introducing any part of the court's summary judgment order. *Id.* The court will grant the motion as unopposed.

ORDER

IT IS ORDERED that:

1. Defendant Robert Sauerwein's motion for leave to amend his pretrial exhibit list, Dkt. 56, is DENIED.

2. The court rules on plaintiff Eric Gorins's motions in limine as follows:

   a. The motion to exclude evidence regarding Gorins's criminal history is GRANTED in part and DENIED in part. Sauerwein may ask Gorins whether he has been convicted of felonies within the last 10 years and how many times. The motion is otherwise granted.

   b. The court reserves a ruling on the motion regarding Gorins's disciplinary history. At the final pretrial conference, Sauerwein should be prepared to explain what evidence he wants to present on the subject.

   c. The motion to exclude evidence regarding witnesses' criminal or disciplinary history is GRANTED in part. Sauerwein may ask witnesses whether they have been convicted of felonies within the last 10 years and how many times. The court reserves a ruling on the motion regarding witnesses' disciplinary history. At the final pretrial conference, Sauerwein

should be prepared to explain what evidence he wants to present on the subject.

d.  The motion to exclude evidence regarding Gorins's medical history is GRANTED in part. The motion is granted as to medical history that is not relevant to this case. The court reserves a ruling on the rest of the motion. The parties are ordered to meet and confer on the subject before the first final pretrial conference.

e.  The motion to exclude evidence regarding collateral source payments or benefits is GRANTED.

f.  The motion to prohibit argument regarding taxpayer burden is GRANTED.

g.  The motion to exclude evidence or prohibit argument regarding assumed risks of injury is GRANTED.

h.  The motion to exclude undisclosed or improper lay opinions regarding medical causation is GRANTED.

i.  The motion to prohibit argument regarding the effect of a judgment in Gorins's favor is GRANTED.

j.  The motion to admit video recordings from surveillance cameras is GRANTED.

k.  The court reserves a ruling on the motion to admit prison incident reports and medical records. At the final pretrial conference, Gorins should be prepared to explain what evidence he wants to present on the subject.

l.  The court reserves a ruling on the motion to admit evidence regarding Sauerwein's disciplinary history for poor driving. At the final pretrial conference, Gorins should be prepared to explain what evidence he wants to present on the subject and how this evidence would be admissible under Rule 404(b).

m.  The court will reserve a ruling on the motion to admit evidence that the warden and supervisors received notice of the incident. At the final pretrial conference, Gorins should be prepared to explain what evidence he wants to present on the subject and how it is relevant.

n.  The motion to allow the parties to use demonstrative exhibits derived from admissible evidence is provisionally GRANTED. The parties should raise any objections to Gorins's demonstratives at the final pretrial conference.

3.  The court rules on defendant Robert Sauerwein's motions in limine as follows:

    a.  The motion to dismiss Gorins's Eighth Amendment claim and negligence claim against Sauerwein is DENIED.

    b.  The motion to exclude evidence or prohibit argument regarding causation or future damages without an expert witness is GRANTED.

    c.  The motion to exclude evidence or prohibit argument regarding other suits against the Department of Corrections and its employees is GRANTED.

    d.  The court will reserve a ruling on the motion to exclude evidence regarding other proceedings or grievances against Sauerwein or other witnesses. At the final pretrial conference, Gorins should be prepared to explain what evidence he wants to present on the subject and how this evidence would be admissible under Rule 404(b).

    e.  The motion to admit evidence regarding Gorins's and other witness's previous criminal convictions is GRANTED in part and DENIED in part. Sauerwein may ask witnesses whether they have been convicted of felonies within the last 10 years and how many times. The motion is otherwise denied.

    f.  The motion to exclude evidence of indemnification is GRANTED.

    g.  The motion to exclude evidence regarding inadequate medical care claims or the court's summary judgment order is GRANTED.

Entered June 9, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

14